IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Debbie L. Langan,** <br> **Executor of the Estate of** <br> **Robert W. Langan Jr., deceased** <br> 6984 Fairhaven Oval Drive <br> Medina, Ohio 44256 | Case No. _____ <br><br> The Hon. _____ |
| And | **COMPLAINT** <br><br> FTCA Tort Action – Medical and Other Malpractice. |
| **Debbie L. Langan**, <br> 6984 Fairhaven Oval Drive <br> Medina, Ohio 44256 | Jury Trial Demanded |
| Plaintiffs | |
| VS | |
| **United States of America** <br> c/o Justin E. Herdman <br> United States Attorney <br> 801 W. Superior Avenue, Suite 400 <br> Cleveland, OH 44113 | |
| Defendant | |

## **INTRODUCTION**

1. This action is brought under the Federal Tort Claims Act to seek damages for the personal injuries and wrongful death of Robert W. Langan Jr. (Decedent) who suffered injury and death as a result of negligent medical and psychological care rendered to him by the United States of America through

1

its employees at the Department of Veterans Affairs (VA) in Cuyahoga County, Ohio. Plaintiffs have exhausted their administrative remedies.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim against the United States for money damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).

3. The acts or omissions giving rise to this claim occurred in Cuyahoga County, Ohio. Venue is therefore proper under 28 U.S.C. § 1402(b).

4. All conditions precedent to bringing this action have been performed, including, on July 12, 2018, Plaintiff Debbie L. Langan, as the Executor of the Estate of Robert W. Langan Jr. and in her personal capacity as surviving spouse, properly filed and served a claims with the Department of Veterans Affairs on signed SF 95 forms, containing sufficient information to investigate the allegations contained herein, along with a monetary demand and a certified copy of her Letters of Authority proving her capacity to act in her capacity as Executor of the Estate of Robert W. Langan, Jr. These claims were supplemented on August 8, 2018 with additional documentation regarding the loss of earnings of Decedent during his lifetime and loss of financial support for the beneficiaries of the wrongful death claim.

5. Defendant and it's agency, The United States Department of Veterans Affairs, has failed to take any action and has failed to make any final disposition on Plaintiffs' claims. More than six months has elapsed since the filing of said claims and Plaintiffs now exercise their options, pursuant to 28 U.S.C. §

2

2675(a), to deem the agency's failure to be a final denial of the claims.

## PARTIES

6. Debbie L. Langan, is the surviving spouse of Robert W. Langan Jr. She is also the duly appointed Executor of the Estate of Robert W. Langan Jr., having been appointed by the Probate Court of Medina County Ohio on January 27, 2017. As Executor, she brings this wrongful death action on behalf of herself as surviving spouse, and on behalf of Robert W. Langan Jr's children, mother, and next of kin, who have all suffered damages as set forth in Ohio's wrongful death statute, Ohio Revised Code § 2125.02. As Executor, she also brings survival claims for medical negligence and personal injury on behalf of Robert W. Langan Jr. As surviving spouse she brings claims for loss of consortium incurred as a result of the personal injuries suffered by Robert W. Langan Jr. before his death.

7. Defendant United States of America is being sued for Robert W. Langan Jr.'s personal injuries and death cause by the negligent or wrongful acts or omissins of its employees. These employees were its employees at the Department of Veterans Affairs medical centers who were acting within the course and scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiffs in accordance with the laws of the State of Ohio. *See*, 28 U.S.C. § 1346(b) (1).

## LIABILITY

8. At all relevant times and for all acts and omissions complained of herein,

Robert W. Langan Jr. (Decedent) was a patient of the United States Department of Veterans Affairs (VA) and received medical and psychological services at the United States Department of Veterans Affairs from its employees who were acting in the course and scope of their employment at the medical facilities located at 10701 East Blvd., Cleveland, Ohio and/or at 8787 Brook Park Road in Parma Ohio.

9. At all relevant times and for all acts and omissions complained of herein, Defendant's employees negligently breached their standard of care for treatment of the Decedent for his condition of hypothyroidism, hyperthyroidism, iatrogenic hyperthyroidism, and factitious hyperthyroidism, which caused and contributed his severe anxiety and depression, and in treating his severe anxiety and depression, including, but not limited to, the following acts all of which proximately caused injury to Decedent, proximately caused his death, and proximately caused all the damages alleged herein.

10. From prior to 2009 through August 6, 2016, Robert W. Langan Jr. (Decedent) was a patient of David C. Aron, MD, an endocrinologist specializing in treatment of the thyroid and related disorders, at the United States Department of Veterans Affairs medical facilities mentioned above and for treatment of hypothyroidism, and was under the medical management of that condition by Dr. Aron. The allegations concerning him involve the time period of July 12, 2016 through August 6, 2016.

11. On July 12, 2016, unknown employees of the Defendant, acting in the course and scope of their employment, obtained blood samples of the Decedent which showed an extremely low TSH level of 0.04 out of a reference range of .36-4.5. Despite this level showing signs of hyperthyroidism, these employees, in breach of their standard of care to Decedent, never notified Dr. Aron or anyone else in the endocrinology department of these findings, and Dr. Aron, in breach of his standard of care, never reviewed these findings in the patient's chart.

12. On July 20, 2016, Decedent became aware of his lab findings and notified Dr. Aron of this finding, as well as his recent significant weight loss, being extremely tired all the time, having virtually no energy, being hot sometimes when it wasn't hot, and cold other times when it wasn't cold, and not feeling good overall. Dr. Aron then diagnosed Decedent as having too high a level of Thyroxine that might be caused by taking too high a dose of thyroxine and ordered an additional test for TSH and for T4. He also instructed Decedent to decrease his synthroid dose from seven days a week to six days a week, and scheduled a July 26 appointment for Decedent.

13. Decedent went to the VA medical center that same day, July 20, 2016, and had his blood taken for the lab tests. The TSH test again showed Decedent to have extremely low TSH, indicating his thyroxine levels were still too high.

14. Throughout the duration of Decedent's treatment until August 6, 2016, neither Dr. Aron nor any other treating doctor or resident at the VA, in breach of their

5

standard of care to Decedent, ordered any subsequent tests or prescribed any beta blockers or any other medications, despite Decedent's increasing signs of thyroid disorder and increasing depression and anxiety.

15. On July 26, 2016, Decedent was seen by Edward A. Pham, a resident who was under the supervision of Dr. Aron. Decedent reported substantial weight loss, fatigue, feeling sleepy during the day and fatigue, and other symptoms of thyroid disorder, depression and anxiety including dealing with death of his sister and feeling more hot. Dr. Pham diagnosed hyperthyroidism in the context of higher than optimal dose of thyroxin and instructed Decedent to decrease his synthroid dose from six days a week to five days a week, have TSH and T4 rechecked in one month and return after those tests were performed. Dr. Aron approved this diagnosis and treatment.

16. On August 3, 2016, Decedent called Dr. Aron and reported that his symptoms were increasing. He had to leave work that day because his increasing confusion prevented him from doing his work. He was concerned he would lose his job due to his difficulties and had difficulty expressing what was going on and would become agitate with his wife if she tried to help him talk with Dr. Aron. Dr. Aron referred Decedent to Dr. Karen R. Horowitz, MD, an employee at the VA in order to treat Decedent due to Dr. Aron's temporary absence from the state of Ohio. Dr. Horowitz is an endocrinologist specializing in diabetes at the VA medical centers.

17. Dr. Horowitz saw Decedent on August 4, 2016, at which time Decedent had

difficulty explaining his symptoms and required his wife's help in communicating his condition of continued weight loss and fatigue, loss of muscle mass, thirst and throat dryness, and other signs of thyroid disorder, severe anxiety, and depression, including but not limited to, extreme weight loss, extreme fatigue, confusion, inability to sleep, difficulty concentrating, inability to focus, difficulty in doing his normal work do to concentration problems, having to leave work the day before and take time off from work due to his confusion and inability to perform his work as a project manager, worry over no longer being able to do his work because of his confusion, heat and cold intolerance, pounding heartbeats, fine and high frequency low amplitude tremors, agitation and tearfulness. Decedent exhibited some loss of balance and inability to touch his nose with his fingers without looking. Dr. Horowitz diagnosed hypothyroidism with iatrogenic hyperthyroidism and major depression

18. Dr. Horowitz referred Decedent to the VA primary care mental health outpatient clinic and, in breach of her standard of care, advised Decedent to stop taking his medication altogether for the next five days, then resume three days a week. In further breach of her standard of care, Dr. Horowitz did not notify Dr. Aron of Decedent's deteriorating condition. In further breach of his standard of care, Dr. Aron did not follow up on his patient's condition. In further breach of their standard of care, Dr. Aron, Dr. Pham, and Dr. Horowitz failed to order any other tests in a timely fashion and failed to prescribe beta

blockers or any other medications to treat Decedent's thyroid condition or his increasing depression and anxiety and deteriorating mental state, failed to timely perform any further tests, and failed to follow up with the VA primary care mental health outpatient clinic or in the records, regarding Decedent's condition and his treatment in order to further evaluate and properly treat the Decedent.

19. From August 4, 2016 through August 6, 2016, Robert W. Langan Jr. was an outpatient of Michael B. Purdum, PhD., ABPP and Alicia Brown at the VA primary care mental health outpatient clinic located at the aforementioned VA medical facilities, having been referred there by Dr. Horowitz.

20. At said locations and at all relevant times herein, Alicia Brown was an intern and was under the supervision of Michael B. Purdum, PhD, ABPP.

21. At all relevant times, Dr. Purdum in breach of his standard of care under the circumstances, did not see Decedent but had intern Brown examine and treat the Decedent, and further failed to properly supervise intern Brown.

22. On August 5, 2016, intern Brown examined Decedent at which time Decedent reported signs of severe anxiety and depression, including but not limited to, depressed mood, sadness, difficulty concentrating, extreme weight loss, extreme fatigue, sleep problems, confusion, inability to express what he wanted to say, at times needing help from his wife during the interview, and that his symptoms were increasing. Brown noted that Decedent expressed concern about his tendency to over think things and over explain himself,

8

reported getting approximately four to five hours of sleep per night, and experiencing work stress for quite some time in his role as project manager, having to recently take time off from work due to his inability to perform his work as a project manager due to his concentration problems, worry over not being able to do his work. Brown diagnosed signs of depression with biological (sleep apnea; hypothyroidism) and social (recent loss of sister; work stress) overlay, and scheduled Decedent for another appointment on August 9, 2016.

23. Later in the afternoon of August 5, 2016, Decedent and his wife called Brown to report a feeling that everyone was looking at him and to report a panic attack earlier that afternoon and being disoriented and lost while driving a familiar route to his home, reported that he had had a previous panic attack, and questioned about bringing Decedent back to the hospital given his confused state and panic. Decedent's wife asked if he should go to the psychiatric emergency department or some other place at the VA, Brown spoke with both Decedent and wife on the phone and informed Decedent that coming to the psychiatric emergency department or the hospital would not be necessary. She confirmed the next appointment with Decedent on August 9, 2020.

24. Dr. Purdum and intern Brown breached the standard of care to Decedent in their evaluation and treatment of Decedent, including but not limited to, failing to notify Dr. Aron, Dr. Pham, Dr. Horowitz and Dr. Purdum of

Decedent's deteriorating mental and physical condition, failing to do a proper suicide risk assessment or complete a proper suicide assessment form, failing to question whether Decedent had access to firearms, and failing to advise Decedent to go to the psychiatric emergency department or other emergency department at the VA medical centers.

25. At all of the above times and places, Defendant's aforementioned employees negligently failed to follow the standard of care of their respective professions regarding the examination, care and treatment of Decedent, given Decedent's increasing physical and mental symptoms and conditions, which included but were not limited to, his developing and increasing hyperthyroidism; hyperthyroidism in the context of higher than optimal doses of thyroxine, Levothyroxine NA, and Synthroid; hypothyroidism with iatrogenic hyperthyroidism and factitious hyperthyroidism; thyrotoxicosis; thyroid storm; other signs of hyperthyroidism; weight loss; insomnia; pounding heartbeats and racing heart rate; increasing mental and emotional instability; depression; extreme anxiety; mental confusion; lack of memory; extreme irritability; tremors; paranoia; psychosis; panic attacks; false sensations of heat and cold; sleeplessness; insomnia; signs of his thyrotoxicosis and crisis; and other mental, emotional, physical and behavioral conditions resulting from his thyroid condition and administration of thyroid medication, his depression and anxiety.   These breaches in the standard of care included, but were not limited to, failing to properly communicate among each other; improperly

referring Decedent to interns and residents and failing to properly supervise said interns and residents regarding Decedent's medical and psychological conditions; negligently failing to properly examine, evaluate, test, perform lab studies, evaluate studies, diagnose, treat, re-evaluate, re-examine, provide proper coverage, refer, and provide proper medication, and mismanagement and lack of management of administration of thyroid medication, mismanagement and lack of management of for Decedent's thyroid condition, and for the conditions referred to above.

26. As a result of Defendant's employee's negligence, Decedent suffered personal injury, medical expenses, lost income, mental anguish and pain and suffering.

27. As a further result, of Defendant's employees' negligence, Debbie L. Langan suffered the loss of society and consortium of her husband during this time.

28. As a further result of Defendant's employees' negligence, on August 6, at approximately 1:35 in the morning, as a direct and proximate result of the negligence of the above named employees, Decedent committed suicide by a self-inflicted gunshot wound.

29. As a further result of the negligence of the defendants and the resulting death of Decedent, Debbie L. Langan, as the surviving spouse of Decedent, as well as Decedent's children, mother, grandchildren and next of kin, have all suffered loss of society, mental anguish, loss of financial support, funeral expenses and other damages as a result of the death of Decedent as set forth in Ohio Revised Code § 2125.02. Debbie L. Langan, as Executor of Decedent's

11

Estate, is entitled to bring this action on their behalf pursuant to said statute.

WHEREFORE, Plaintiff Debbie L. Langan, Executor of the Estate of Robert W. Langan Jr., demands judgment from the Defendants in the amount of Two Hundred Fifty Thousand Dollars for survival claims for negligent medical malpractice and personal injury damages sustained, plus costs incurred in this action plus interest and attorney's fees, and such other relief to which she may show the Estate entitled.

Plaintiff Debbie L. Langan, individually, also demands judgment from the Defendants in the additional amount of Two Hundred Fifty Thousand dollars for loss of consortium for negligent medical malpractice and personal injury damages sustained, plus costs incurred in this action plus interest and attorney's fees, and such other relief to which she may show herself entitled.

Plaintiff Debbie L. Langan, Administrator of the Estate of Robert W. Langan Jr., demands judgment from the Defendants in the amount of Four Million Dollars for damages sustained as a result of the wrongful death of Decedent, plus costs incurred in this action plus interest and attorney's fees, and such other relief to which she may show herself entitled.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectively submitted

S/ Gary W. Kisling

Gary W. Kisling
Ohio Supreme Court # 0003438
Attorney for Plaintiffs

Kisling, Nestico and Redick
3412 West Market St.
Fairlawn, Ohio 44333

Email: kisling@KNRLegal.com
Ph.     (330) 869-9007
Fax.    (330) 869-9008

Ohio Supreme Court # 0003438